## CONTINGENT RIGHT OF DOWER NOT RELEASED BY DIVORCE.

Circuit Court of Summit County.

DON A. GOODWIN v. MILDRED GOODWIN.

Decided, April 12, 1911.

*Alimony—Dower Not Released by Divorce for Husband's Aggressions— Election to Receive Money in Lieu Thereof.*

The contingent right of a wife, during her husband's life, to be endowed of his real estate at his death is property, and the property right is not lost by her by divorce from him on his aggressions, unless she voluntarily release the same and agree to take a money consideration in lieu thereof, which, in an alimony case, may be awarded her upon her election.

*Grant, Sieber & Mather*, for plaintiff in error.
*Otis, Beery & Otis* and *G. M. Anderson*, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The defendant in this action was divorced from the plaintiff by reason of his aggressions. The defendant not being content

with the order in reference to alimony, comes to this court by appeal from that part of the decree.

The evidence shows that the parties lived together as husband and wife but a short time; that both had been married and both divorced before their marriage to each other. The defendant is now about 38 years of age, and though there is no evidence as to the age of the plaintiff, it does appear that they were acquainted as children, and from his appearance on the stand we reach the conclusion that he is a few years, and only a few years, the senior of the defendant. It is perhaps not profitable that we should spend any considerable time in the discussion of the obligations which each of these parties took to the other at the time of the marriage. The law imposes duties upon each, and gives rights to each. When the plaintiff married the defendant he undertook to provide for her in such wise as one in his circumstances and with surroundings should provide for his wife. And further he conferred upon her by the very act of marriage the right to be endowed of all the real estate of which he should be seized at any time during the coverture, provided she outlived him. This right, though inchoate, is still spoken of and declared by the courts of Ohio to be a property right. In the case of *Mandell* v. *McClave*, 48 Ohio St., 407, it is said in the syllabus:

"The contingent right of a wife, during her husband's life, to be endowed of his real estate at his death, is proper, having a substantial value that may be ascertained with reasonable certainty from established tables of mortality, aided by evidence respecting the state of health and constitutional vigor of the husband and wife respectively."

The evidence shows that the husband is the owner of real estate which is worth, above the mortgage encumbrances upon it (which encumbrances we assume to have been upon it at the time the parties hereto were married), about $80,000. He has a considerable amount of personal property, but probably not sufficient to pay all of his debts, including this mortgage debt. This contingent right of dower, estimated by the tables, and assuming the husband to be 40 years of age, is worth about $3,200. The decree of divorce in this case could not deprive the defendant

of that right, so she still has it. If she chooses to relinquish it for its fair value in money she may do so, but it is no part of the duty of this court to determine that she shall, and without going further into the reasons for the allowance made, it will be the order of the court that the plaintiff pay to the defendant the sum of $1,800 as alimony, and that if she chooses to, and she releases her right to dower in his real estate, he shall pay her the additional sum of $3,200; so that in any event she shall receive $1,800 and it will be at her election whether she will release her dower and receive $5,000.

This decree for alimony will constitute a lien upon the real estate of the plaintiff until it is paid, and in the event that the defendant shall elect to release her claim for dower to the plaintiff, such release shall not operate to discharge such real estate from any part of the lien created by this decree.